# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0875** (Berkeley County CC-02-2020-F-69)

**Christopher D. Jackson,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Christopher D. Jackson pled guilty to first-degree robbery in the Circuit Court of Berkeley County and is currently serving a sixty-year term of imprisonment in the West Virginia State Penitentiary. He appeals the circuit court's sentencing order, entered on September 27, 2021, and argues that his sentence was disproportionate to the sentences imposed on his codefendants.[1]

This Court has considered the parties' briefs and the record on appeal in light of the applicable standard of review: "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

At Mr. Jackson's sentencing hearing, the State asserted that Mr. Jackson proposed to Mr. Robert Kramerage that they rob Joshua Case, a known drug dealer. The State explained that petitioner "had the idea to rob [Mr.] Case. He is the one who started getting other people involved to do it for him, to do the dirty work because he did not want to get caught." It described the robbery as one "that [Mr. Jackson] planned out[,] that he enticed others to assist him in."  When Mr. Kramerage agreed to take part, Mr. Jackson led him and another man, Michael Browning, to Mr. Case's trailer. A fourth individual drove the three men to and from the area where Mr. Case's trailer was located. Mr. Jackson told Mr. Kramerage and Mr. Browning that if one identified himself as "T.J." Mr. Case would open the door to them. Mr. Jackson exited the car soon before they arrived at Mr. Case's home because Mr. Case could identify him. Soon after, Mr. Browning and Mr. Kramerage called Mr. Jackson because they had gone to the wrong residence, and Mr. Jackson redirected them. After Mr. Browning and Mr. Kramerage went inside the trailer, Mr.

---

[1]Mr. Jackson appears by counsel Robert C. Stone and Fallon A. Stone. Respondent State of West Virginia appears by counsel Patrick Morrisey and Scott E. Johnson.

Browning held Mr. Case's girlfriend at gunpoint and demanded drugs and money. Mr. Case lunged at Mr. Browning, and the two men fought. While they fought, Mr. Kramerage shot Mr. Case. Mr. Case died at his trailer.

Mr. Jackson compares his case with *State ex rel. Ballard v. Painter*, 213 W. Va. 290, 295, 582 S.E.2d 737, 742 (2003), a case in which we expressed "concern[] with the disparate sentencing . . . in light of [the defendant's] actual role in the crime," but remanded on other grounds. We do not have the same concerns with the circuit court's sentencing of Mr. Jackson. As we explained in *Ballard*:

> We have long held "that disparate sentences of co-defendants that are <u>similarly situated</u> may be considered in evaluating whether a sentence is so grossly disproportionate to an offense that it violates our constitution." *State v. Cooper*, 172 W.Va. at 271, 304 S.E.2d at 856. This Court set out the guidelines for addressing the issue of disparity in sentencing between codefendants in Syllabus point 2 of *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984), as follows:
>
> > Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are <u>similarly situated</u>, some courts will reverse on disparity of sentence alone.

*Id.* at 294, 582 S.E.2d at 741 (emphasis supplied).

Mr. Jackson is not similarly situated to Mr. Kramerage, Mr. Browning, or the driver. As the State explained at the sentencing hearing, the crime likely would not have occurred but for Mr. Jackson's provocation. Mr. Kramerage, who ultimately killed Mr. Case, was sentenced to a term of imprisonment for life without mercy after he was convicted in a jury trial of murder in the first degree. The driver, now serving a period of supervised probation after receiving a suspended sentence, was convicted as an accessory after the fact, not as a robber. Mr. Browning, whose situation most closely resembles Mr. Jackson's in that he pled guilty to first-degree robbery, received assurances from the State after entering his plea (prior to Mr. Kramerage's trial) and testifying against his codefendant. Mr. Jackson, on the other hand, entered his plea after Mr. Browning pled guilty, after Mr. Browning gave testimony against Mr. Kramerage, without himself offering testimony as a State's witness, and under different plea agreement terms.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn